# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 19-cv-00618-SMY |
| NICK LAMB, KEVIN KINK, L. LIVINGSTON, A. BLAKE, JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, and JANE DOE 3, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts a First Amendment retaliation claim and an Eighth Amendment deliberate indifference to serious medical needs claim. (Doc. 10). He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Amended Complaint[1] under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally

---

[1] Plaintiff filed his original Complaint (Doc. 1) on May 30, 2019 but later sought to amend his Complaint in order to correct the exhibits that he believes were filed incorrectly. Plaintiff filed his Amended Complaint (Doc. 10) on June 13, 2019.

1

frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

Plaintiffs make the following allegations in the Amended Complaint: Plaintiff suffers from chronic medical conditions including back pain, arthritis, sinusitis, and gastrointestinal issues. (Doc. 10, p. 9). He regularly takes medication for his back, sinus, and gastrointestinal conditions. At various times during his confinement at Lawrence, one or more of the defendants have prevented him from timely obtaining medical care and necessary medication.

Plaintiff made repeated requests in late December 2016 for his back pain and sinus medications, but he was ignored by the Health Care Unit ("HCU") at Lawrence. He filed a grievance regarding these issues, which was denied by Blake with Lamb concurring. When he was finally seen at the HCU in December 2016, Jane Doe 1 informed him that his pain and sinus medication had not arrived at Lawrence following his transfer from Menard. She refused to treat him or to provide him any alternative medications that proved effective.

Plaintiff was barred from the HCU for over three months by Jane Doe 2 in retaliation for historical grievances and to discourage Plaintiff from seeking treatment at the HCU. Also, in August 2018, Jane Doe 2 told Plaintiff he would be referred to a doctor but then refused to make the referral because Plaintiff would not sign a money voucher for the referral. (Doc. 10, pp. 9-10). Plaintiff filed a grievance regarding Jane Doe 2's misconduct and her refusal to make the referral was endorsed by Livingston, Lamb, or Kink. (Doc. 10, p. 10).

Plaintiff attempted to return to the HCU each week in September 2018 for his back pain and allergy issues, but his visits were cancelled by the HCU and officers John Doe 1 (one house A wing) and John Doe 2 (three house A wing). Plaintiff was denied access to the HCU each week

in October 2018 in retaliation for various grievances over the repeated refusals to provide him access to health care. During the month of October 2018, Plaintiff made requests relating to his back pain and sinus issues and for medication refills which were denied or ignored by Jane Doe 3. He filed a grievance on these issues, which was denied by Blake with Lamb concurring.

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide this action into the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference to serious medical needs claim against Jane Doe 1, Jane Doe 2, Jane Doe 3, John Doe 1, and John Doe 2 for delaying and/or denying Plaintiff medical care for his chronic medication conditions.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to serious medical needs claim against Lamb, Kink, Livingston, and Blake for denying Plaintiff's grievances regarding delays and denial of medical care for his chronic health conditions.**
>
> **Count 3:** **First Amendment claim against Jane Doe 2 and Jane Doe 3 for delaying and/or denying medical care for Plaintiff's chronic medical conditions in retaliation for Plaintiff filing grievances.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of the Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[2]**

## Discussion

### Count 1

To state a claim for deliberate indifference to a serious medical need, an inmate must

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

sufficiently allege that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). "Delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Allegations of refusal to provide an inmate with prescribed medication can also state an Eighth Amendment claim. *See Wynn v. Southward,* 251 F.3d 588, 594 (7th Cir.2001); *see also Ralston v. McGovern,* 167 F.3d 1160, 1162 (7th Cir.1999). As such, Plaintiff has stated a colorable claim for deliberate indifference against Defendants John Doe 1, John Doe 2, Jane Doe 1, Jane Doe 2, and Jane Doe 3 for delaying and/or denying Plaintiff medical care for his chronic conditions. Count 1 will therefore proceed against those Defendants.

**Count 2**

Plaintiff asserts a deliberate indifference to serious medical needs claim against Defendants Lamb, Kink, Livingston, and Blake based on their denial of his grievances regarding delays and denials of medical care for his chronic health conditions. He alleges that in denying his grievances, Defendants "endorsed" and "concurred" in the constitutional violations. But the mishandling and/or denial of grievances does not amount to personal involvement in any constitutional violation alleged in the grievances. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Accordingly, Count 2 will be dismissed without prejudice.

**Count 3**

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *Gomez v.*

*Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Plaintiff alleges that Jane Doe 2 and Jane Doe 3 denied him access to medical care and prescription medication that he needed for chronic medical conditions, in retaliation for filing grievances. These allegations are sufficient at screening to state a colorable claim for retaliation, and Count 3 will proceed against Defendants Jane Doe 2 and Jane Doe 3.

### Identification of Unknown Defendants

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Warden Lamb will be added in his official capacity for purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. He is also an appropriate official capacity party with respect to Plaintiff's request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Amended Complaint.

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure

5

counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff states he has written to three law firms in an attempt to retain counsel, but has received only one response. The response requested additional information, which Plaintiff has provided. The Court finds that, while responses to Plaintiff's requests are pending, the recruitment of counsel is premature. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). The Motion for Recruitment of Counsel (Doc. 3) will be denied at this time.

Plaintiff may renew his request for counsel at any time during the pending action. If Plaintiff does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own. Additionally, Plaintiff should provide an explanation as to how his claimed "intellectual disability" affects his ability to proceed *pro se* in this matter.

## Disposition

**IT IS HEREBY ORDERED** that the Amended Complaint survives preliminary review under Section 1915A in part, and is dismissed in part, as follows: Count 1 will proceed against Defendants John Doe 1, John Doe 2, Jane Doe 1, Jane Doe 2, and Jane Doe 3. Count 2 is **DISMISSED** without prejudice for failure to state a claim for relief. Count 3 will proceed against Defendants Jane Doe 2 and Jane Doe 3. Defendants Lamb, Kink, Livingston, and Blake are **DISMISSED** without prejudice for failure to state a claim for relief and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties in the Case Management/Electronic Case Filing ("CM/ECF") system. Additionally, the Clerk of Court is **DIRECTED** to **ADD** Nick Lamb,

Warden of Lawrence Correctional Center (official capacity only), as a Defendant in CM/ECF. Warden Lamb must promptly respond to any discovery aimed at identifying the Doe Defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Nick Lamb, Warden of Lawrence Correctional Center (official capacity only) and, once identified, John Doe 1, John Doe 2, Jane Doe 1, Jane Doe 2, and Jane Doe 3: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant John Doe 1, John Doe 2, Jane Doe 1, Jane Doe 2, and Jane Doe 3 until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for those individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 5, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**