IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES E. WALKER, #R02343,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00618-SMY |
| | ) |
| **DEANNA BROOKHART,** | ) |
| **C/O GOBER,** | ) |
| **C/O DEAN,** | ) |
| **C/O GOODCHILD,** | ) |
| **C/O JOHNSON,** | ) |
| **C/O CASRON,** | ) |
| **NURSE COLLINS, and** | ) |
| **NURSE WOODS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims of First Amendment retaliation and Eighth Amendment deliberate indifference to serious medical needs. This matter is presently before the Court on Plaintiff's Motion for Leave to File [Second] Amended Complaint. (Doc. 50). Plaintiff seeks to identify Doe Defendants and add parties.

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff's Motion was filed more than 21 days after service of the Complaint and the defendants have not consented to the filing of an amended complaint.

1

The Court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Additionally, the Second Amended Complaint is subject to review under 28 U.S.C. § 1915, which requires the Court to screen prisoner Complaints and any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint: Plaintiff suffers from chronic medical conditions, including "dermatological", back pain, arthritis, sinusitis, and gastrointestinal issues. He regularly takes medication for his back, sinus, and gastrointestinal conditions. At various times during his confinement at Lawrence, Defendants have prevented him from timely obtaining medical care and necessary medication.

Plaintiff made repeated requests in late December 2016 for his back pain and sinus medications but was ignored by the Health Care Unit ("HCU") at Lawrence. A grievance he filed regarding these issues was denied. When he was finally seen at the HCU in December 2016, Nurse Collins informed him that his pain and sinus medication had not arrived at Lawrence following his transfer from Menard. She refused to treat him or to provide him any alternative medications that proved effective.

Plaintiff was barred from the HCU for over three months by Nurse Collins in retaliation for historical grievances and to discourage Plaintiff from seeking treatment at the HCU. In August 2018, Nurse Collins told Plaintiff he would be referred to a doctor but she refused to make the referral because Plaintiff would not sign a money voucher because his conditions were chronic and did not require a money voucher. Plaintiff filed a grievance regarding Nurse Collins's

misconduct.

Plaintiff attempted to return to the HCU each week in September 2018 for his back pain and allergy issues, but his visits were cancelled by the HCU and C/O Gober, C/O Dean, C/O Goodchild, C/O Johnson, and C/O Casron. Plaintiff was denied access to the HCU each week in October 2018 in retaliation for various grievances over the repeated refusals to provide him access to healthcare. During the month of October 2018, Plaintiff made requests relating to his back pain and sinus issues and for medication refills that were denied or ignored by Nurse Woods. He filed a grievance on these issues; the grievance was denied.

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to organize this *pro se* action into the following Counts:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Nurse Collins, Nurse Woods, C/O Gober, C/O Dean, C/O Goodchild, C/O Johnson, and C/O Casron for delaying and/or denying Plaintiff medical care for his chronic medication conditions.
>
> Count 2: First Amendment claim against Nurse Collins and Nurse Woods for delaying and/or denying medical care for Plaintiff's chronic medical conditions in retaliation for Plaintiff filing grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of the Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]**

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Preliminary Dismissals**

Plaintiff makes allegations against a number of individuals who are not identified as Defendants in the case caption. Any claims intended against those individuals are considered dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

Plaintiff names Deanna Brookhart as a defendant in the case caption but there are no allegations against her in the statement of claim. Under Federal Rule of Civil Procedure 8, a Complaint must include a short, plain statement of the case against each individual. Merely naming an individual in the caption of a Complaint is not enough to state a claim against them. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Brookhart was previously a defendant in her official capacity as the Warden of Lawrence for purposes of identifying Doe Defendants, which has been done. Because there are no Doe Defendants remaining in the case and no allegations against her, Brookhart will be dismissed without prejudice.

**Discussion**

**Count 1**

To state a claim for deliberate indifference to a serious medical need, an inmate must sufficiently allege that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). "Delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Allegations of refusal to provide an inmate with prescribed medication can also state an Eighth Amendment claim. *See Wynn v. Southward,* 251 F.3d 588, 594 (7th Cir.2001); *see also Ralston v. McGovern,* 167 F.3d 1160, 1162 (7th Cir.1999). As such, Plaintiff

has stated a colorable claim for deliberate indifference against Defendants Nurse Collins, Nurse Woods, C/O Gober, C/O Dean, C/O Goodchild, C/O Johnson, and C/O Casron for delaying and/or denying Plaintiff medical care for his chronic conditions.  Count 1 will therefore proceed against those Defendants.

**Count 2**

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement.  *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012).  Plaintiff alleges that Nurse Collins and Nurse Woods denied him access to medical care and prescription medication that he needed for chronic medical conditions in retaliation for filing grievances. These allegations are sufficient to state a colorable claim for retaliation.  Therefore, Count 2 will proceed against those Defendants.

**Disposition**

Plaintiff's Motion for Leave to File [Second] Amended Complaint (Doc. 50) is **GRANTED**. Plaintiff's Motion to Substitute the Unknown John and Jane Doe Defendants (Doc. 49) is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to **FILE** the proposed Second Amended Complaint submitted by Plaintiff with his motion.  Count 1 will proceed against Nurse Collins, Nurse Woods, C/O Gober, C/O Dean, C/O Goodchild, C/O Johnson, and C/O Casron and Count 2 will proceed against Nurse Collins and Nurse Woods.  Deena Brookhart is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** her as a party.  Additionally, the Warden of Lawrence Correctional Center, who was previously added to the case in her official capacity for identifying Doe Defendants, is **DISMISSED** without prejudice, and shall be **TERMINATED** as a party.

The Clerk of Court shall prepare for Defendants Nurse Collins, Nurse Woods, C/O Gober, C/O Dean, C/O Goodchild, C/O Johnson, and C/O Casron : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 23, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.