IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES E. WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00618-SMY |
| | ) |
| **NICK LAMB, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Dean's Amended Motion to Set Aside Clerk's Entry of Default and for Leave to File an Answer (Doc. 91) and Plaintiff's Motion for Default Judgment (Doc. 84).

Upon the screening of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A (Doc. 52), Defendant Dean was sent a request for Waiver of Service of Summons. (Docs. 58, 60). Dean returned an executed Waiver of Service of Summons and his responsive pleading was due by October 26, 2020. (Doc. 65). Dean failed to move, answer, or otherwise plead in response to the Second Amended Complaint, and as result, on December 2, 2020, the Court issued an Order directing the Clerk to Enter Default against Dean in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 82). The Clerk's Entry of Default was docketed on December 3, 2020. (Doc. 83). Plaintiff filed a Motion for Default Judgment on December 9, 2020. (Doc. 84).

Dean filed a motion seeking to vacate the Clerk's Entry of Default on December 18, 2020. (Doc. 88). The motion was denied because Dean failed to identify or demonstrate a meritorious defense to Plaintiff's claim to justify setting aside the default. (Doc. 89). Dean was granted leave to refile his motion on or before January 21, 2021 and he did so on January 21, 2021. (Doc. 91).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir.2009) (citations omitted); Fed. R. Civ. P. 55(c). Dean, who no longer works for the Illinois Department of Corrections ("IDOC"), asserts that after returning the waiver of service of summons to the Court, he was under the mistaken belief that he would automatically be assigned representation through IDOC. The Court doesn't consider Dean's failure to secure representation when he knew he had been personally sued as inadvertent or a mistake – it was irresponsible at best. That said, once he received notice of the default, he acted quickly to correct it. Additionally, Dean has sufficiently established that he has a meritorious defense to Plaintiff's claims. (Doc. 91, pp. 3-4).

Accordingly, based on this Court's preference for adjudication on the merits, Defendant Dean's motion is **GRANTED** and the Clerk's Entry of Default is **VACATED**. Defendant Dean shall file his responsive pleading within 7 days of the date of this Order. Because the Clerk's Entry of Default has been vacated, Plaintiff's Motion for Default Judgment (Doc. 84) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 17, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**