IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES WALKER,

       **Plaintiff,**

v.

MAURY GOBLE, SHERRY COLLINS,
KIMBERLY WOODS, MICHAEL R.
DEAN, NICHOLAS GOODCHILD,
KEVIN W. JOHNSON, and KENNETH
CANNON,

       **Defendants.**

Case No. 3:19-cv-00618-SMY

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Walker filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center. He is proceeding on claims against Defendants Sherry Collins, Kimberly Woods, Maury Goble, Michael R. Dean, Nicholas Goodchild, Kevin W. Johnson, and Kenneth Cannon for deliberate indifference to his chronic medical conditions in violation of the Eighth Amendment (Count 1), and against Defendants Collins and Woods for denying him medical care for his chronic conditions as retaliation for grievances about his care (Count 2).

This matter is now before the Court on a Motion for Summary Judgment filed by Defendants Collins and Woods.  (Doc. 125).  Walker responded (Doc. 129), and Defendants replied (Doc. 136).

### Facts[1]

Walker was transferred from Menard Correctional Center in December 2016, and arrived

---

[1] The facts are undisputed unless otherwise noted.

at Lawrence on December 21, 2016.  Prior to his transfer, on November 21, 2016, he was prescribed for Claritin to address his allergies, and ibuprofen to address his chronic back pain. (Doc. 126-4 at 1).  His prescriptions were noted on an Offender Health Status Transfer Summary form dated December 17, 2016, (Doc. 126-4 at 2).  Nurse intake notes dated December 21, 2016, confirmed his medications were continued (Doc. 126-4 at 4).

Medical administration records (MAR) indicate that on December 1, 9, and 17, 2016, Walker received 30 pills of Ibuprofen, and received 30 pills of Claritin on December 20, 2016. (Doc. 126-4 at 5).  The MAR from January 2017 shows that on January 12, 2017, he received 30 Claritin pills and 90 Motrin pills.  (Doc. 136-1 at 1).  The MAR also indicates that he received Flomax, Motrin, Fibercon, and Colace tablets on December 22, 2016.  (*Id.*).

By Affidavit, Walker states that he was seen by Nurse Collins on December 28, 2016, at which time he had been without his medications for a week (Walker Aff., Doc. 129 at 87, ¶¶ 1-3) and that Collins told him his pain and sinus medications had not yet arrived.  (*Id*. at ¶ 4).  He received his medications about a week later.  (*Id.*).  Collins denies that she saw Walker on December 28, 2016, and there is no documentation of an encounter on that date.  (Def. SUMF, Doc. 126 at ¶¶ 10, 13-14); (Doc. 129 at 71; Doc. 136 at ¶¶ 9-10); (Doc. 129 at 71; Doc. 136 at ¶ 10).

Collins saw Walker on July 24, 2018, during nurse sick call for a cold or upper respiratory infection.  Although Walker refused to sign a co-pay form, she did not cancel the appointment. (Collins Decl., Doc. 126-2 at ¶¶ 15, 17; Doc. 126-4 at 6-7). Collins provided medication and referred Walker for a doctor's appointment, but played no role in scheduling appointments.  (*Id*. at ¶¶ 15-16).   Collins generally did not participate in the grievance process, and did not recall being notified of any grievances that Walker filed concerning the treatment she provided.  (*Id.* at

¶¶ 24-25).

Walker testified that he saw Nurse Woods on either October 3 or 23, 2018, when she provided him with a refill for a colon medication. (Walker Dep., Doc. 129 at 33:11-24). She provided the refill in response to an offender request slip that he had submitted wherein he requested both a medication refill and to be placed on nurse sick call. (*Id.*). By affidavit, Walker states that he asked Woods about referring him to sick call, but she refused and never referred him. (*Id.*; Walker Aff., Doc. 129 at 88 ¶¶ 10-11). There is no documentation of an October 2018 encounter between Walker and Woods. (Def. SUMF at ¶¶ 36-38). By affidavit, Woods states she did not participate in the grievance procedure and had no knowledge of any grievances filed by Walker about her treatment or lack thereof. (Doc. 126-3 at ¶¶ 20-21).

In support of his retaliation claim, Walker submitted copies of two grievances and a copy of Department Rule 504F, which concerns the processing of grievances in IDOC, (Doc. 129 at 92-127), which states, "[i]t is suggested that that staff members and/or inmate's who have knowledge of an incident or information regarding the issue being grieved, be contacted as soon as possible after receipt of the grievance[.]" (*Id.* at 100). Walker's grievance discussed an appointment in August of 2018, and attempts in September and October of 2018, during which times he sought medication and treatment for his back pain and sinusitis. The grievance does not individually name any medical providers. (*Id.* at 93-94).

## DISCUSSION

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED. R. CIV. P. 56(a)). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In deciding a summary judgment motion, the Court may not "assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence." *Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010). And it must view the evidence "in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences, and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc*., 756 F.3d 542, 544 (7th Cir. 2014).

### Count 1 – Eighth Amendment Claim

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To prevail on an Eighth Amendment claim of constitutionally-deficient medical care, a prisoner must establish that he had an objectively serious medical need and that the defendant had knowledge of facts from which he or she could infer that a substantial risk of serious harm existed associated with that medical need, but nevertheless, disregarded that risk. *Id.* at 476.

An inmate is not required to show that he was literally ignored by prison staff to demonstrate deliberate indifference. *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000). If a risk from a course of medical treatment, or lack thereof, is obvious, a factfinder can infer that a defendant knew about it and disregarded it. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Such circumstances may include ignoring a request for treatment, substantially departing from accepted professional standards, persisting with an ineffective course of treatment, or inexplicably delaying treatment. *Id.* at 729.

Whether Collins saw Walker in December 2016 is disputed by the parties. But this factual dispute is not material to the resolution of this claim. Even if Collins saw Walker in December 2016 and delayed his access to medication, Walker cannot establish deliberate indifference on that basis.

In a case involving an alleged delay in treatment, a plaintiff is required "to offer verifying medical evidence that the delay (rather than the inmate's underlying condition) caused some degree of harm." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). The record contains no evidence that Walker suffered any specific harm from the delay in medications in December 2016. As such, he cannot prevail on his claim for deliberate indifference against Collins based on the December 2016 delay in receipt of his medication.[2]

Walker contends that Woods exhibited deliberate indifference to his serious medical needs because she did not address his request to be seen for sick call in 2018 when she provided him with a medication refill. While the parties disagree about whether this encounter occured, once again, this is not a material factual dispute because there is no evidence of any specific harm Walker suffered from the alleged delay caused by Woods' handling of his request to be seen on sick call. Thus, Walker lacks sufficient evidence to proceed beyond summary judgment with respect to this claim.

## Count 2 – Retaliation

Walker claims Collins retaliated against him for prior grievances when she demanded that he sign a money voucher during a July 2018[3] appointment, and subsequently did not refer him to

---

[2] Walker concedes that he does not have sufficient evidence of deliberate indifference with respect to his encounter with Collins on July 24, 2018. (Walker's Response, Doc. 129 at 13).

[3] Plaintiff acknowledges in response to summary judgment that he was mistaken about the date of this encounter.

a doctor.  He further claims that Woods retaliated against him when she denied or ignored him

medications or appointments for back or sinus pain in October of 2018.

Defendants contend that their actions cannot be deemed retaliatory because they were

unaware of Walker's grievances, that Collins completed the July 2018 appointment despite

Walker's refusal to complete the payment form, and that neither Collins nor Woods controlled the

scheduling of future appointments.  Walker argues that he need only show the "bare minimum

facts," and there is a question as to whether his First Amendment activity was a motivating factor

for adverse actions against him.  He asserts that per internal grievance procedures, Woods and

Collins *may* have been contacted shortly after the filing of his grievances to ensure expeditious

resolution of the matters grieved.

A prison official may not retaliate against an inmate because he filed grievances under the

First Amendment.  *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).  For a plaintiff to prevail

on a First Amendment retaliation claim, he must show that (1) he engaged in activity protected by

the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment

activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in

the defendant's decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th

Cir. 2009).  The 'motivating factor' amounts to a causal link between the activity and the unlawful

retaliation, and it may be demonstrated by circumstantial evidence such as, suspicious timing,

ambiguous statements, behavior, or comments.  *Manuel*, 966 F.3d at 680.

At the summary judgment stage, the burden of proving causation is split between the

parties.  *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012).  Initially, to establish a prima

facie case, the plaintiff must produce evidence that his speech was at least a motiving factor in the

He agrees that the encounter occurred in July of 2018.

defendant's decision to take retaliatory action.  *Id.*  Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence.  *Id.*  If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are considered a "necessary condition" of the plaintiff's harm, and the plaintiff has established the "but-for" causation needed to succeed on his claim.  *Id.*

Walker has not proffered sufficient evidence to make a prima facie case that his speech was a motivating factor for Defendants' actions.  While he argues that he only needed to provide a bare minimum of factual allegations to sustain his claim, this is the pleading standard for initial review of the Complaint; it is insufficient to survive not for summary judgment.  Moreover,  he speculates that his grievances motivated Woods and Collins to deny him medical care, referencing internal grievance procedures that allow a grievance officer to contact medical staff to investigate grievances against them, but he has no actual evidence that this procedure was followed.  By contrast, Woods and Collins declare that they do not participate in the grievance process, and were not aware of any grievances filed against them.

There is also no evidence in the record that Collins caused an adverse action against Walker.  She did not refuse to see him after he failed to sign a co-payment form, and the medical records reflect that she referred him to see a doctor.  For these reasons, summary judgment will be granted in favor of Collins and Woods on Count 2.

## DISPOSITION

Defendants' Motion for Summary Judgment (Doc. 125) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment in favor of Sherry Collins and Kimberly Woods at the close of this case.

A status conference will be scheduled by separate order to set a firm trial date for the

remaining claims against Defendants Goble, Dean, Goodchild, Johnson, and Cannon.  The Court

will appoint standby counsel to provide procedural assistance for Plaintiff at trial.


**IT IS SO ORDERED.**

**DATED:  March 28, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
