IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 19-cv-618-SMY |
| NICK LAMB, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

During the final pretrial conference on May 5, 2025, the Court considered the following pending motions: Defendants' Motions in Limine (Doc. 224); Plaintiff's Response to Defendants' Motions in Limine (including Plaintiff's in limine requests) (Doc. 226); Plaintiff's Rule 26(a)(2) Expert Disclosures (Doc. 229); Defendants' Objection to Plaintiff's Expert Disclosures (Doc. 232); Plaintiff's Petitions for Writ of Habeas Corpus ad testificandum (Docs. 227, 228). Having considered the parties' written submissions and arguments, and for the following reasons and those more fully stated on the record, **THE COURT RULES AS FOLLOWS:**

**Plaintiff's Expert Disclosure (Doc. 229) and Defendants' Objections (Doc. 232)**

Plaintiff filed an Expert Disclosure indicating his intent to call Dr. Shah, Dr. Ahmed, S. Stover, RN, H. Ellison, RN, Welty, RN, and, N. Baker, LPN as witnesses to offer expert opinion testimony. Defendants argue that the expert disclosures are untimely and that Plaintiff did not previously disclose these individuals as witnesses during this litigation.

The Court finds that these individuals were not disclosed in discovery or in prior disclosures by the Plaintiff. Moreover, Plaintiff's expert disclosure made on the eve of trial is clearly untimely. Accordingly, Defendants' objections to these individuals being called as trial witnesses is **GRANTED**. Dr. Shah; Dr. Ahmad; S. Stover, RN; H. Ellison, RN; Welty, RN; and, N. Baker, LPN will be permitted to testify.

**Plaintiff's Petitions for Writ of Habeas Corpus ad testificandum (Docs. 227, 228)**

Plaintiff filed a Petition for Writ of Habeas Corpus ad testificandum for Dr. Shah; Dr. Ahmad; S. Stover, RN; H. Ellison, RN; Welty, RN; and, N. Baker, LPN to testify at trial (Doc. 227). Based upon the Court's ruling barring testimony from these witnesses, the Petition is **DENIED**.

Plaintiff also filed a Petition for Writ of Habeas Corpus ad testificandum for his own presence at trial (Doc. 228). That Petition is **GRANTED,** and a Writ shall be issued by the Clerk of Court for Plaintiff James E. Walker's presence at trial on May 12, 2025 and May 13, 2025.

**Motions in Limine**

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Denial of

a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, and for the reasons more fully explained on the record during the final pretrial conference, the Court rules as follows.

### Plaintiff's Motions in Limine

1. Plaintiff moves to bar Defendants from testifying regarding their respective financial conditions. The motion is **GRANTED WITHOUT OBJECTION**.

2. Plaintiff moves to attend trial without prison attire and handcuffs. The motion is **GRANTED**. Plaintiff will be allowed to wear civilian attire, but the Court does not provide that for him. Absent a request from the USMS, Plaintiff will not be handcuffed during trial.

3. Plaintiff moves to bar Defendants from suggesting or eliciting any details of his criminal history or convictions. The motion is **GRANTED** to the extent Defendants attempt to introduce statements or evidence of details of Plaintiff's criminal history and convictions. The fact that Plaintiff is a convicted felon is admissible.

### Defendants' Motions in Limine

1. Defendants move to preclude Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition. The motion is **GRANTED**. Plaintiff may testify to symptoms or conditions he experienced, but he cannot testify to or make statements that connect those symptoms or conditions to the alleged misconduct in the case.

2. Defendants move to bar Plaintiff from offering inadmissible hearsay statements of any medical or mental health professional. The motion is **GRANTED WITHOUT OBJECTION.**

3. Defendants move to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. The motion is **GRANTED WITHOUT OBJECTION.**

4. Defendants move to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving the Defendants. The motion is **GRANTED WITHOUT OBJECTION**.

5. Defendants move to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against the Defendants. The motion is **GRANTED IN PART.** Any grievances related to the misconduct in question will be ruled upon during trial. While the grievances cannot be generally admitted, they may be admissible to show notice to Defendants.

6. Defendants move to prohibit Plaintiff from offering evidence or testimony referencing any "golden rule" appeal. The motion is **GRANTED WITHOUT OBJECTION**.

7. Defendants move to prohibit Plaintiff from offering evidence or testimony referencing the Illinois Administrative Code, Illinois Department of Corrections Administrative Directives, or the Illinois Department of Corrections Policies and Procedures. The motion is **GRANTED WITHOUT OBJECTION**.

**IT IS SO ORDERED.**

**DATED: May 6, 2025**

**STACI M. YANDLE**
**United States District Judge**