**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES E. WALKER, #R-02343,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-618-SMY** |
| | ) | |
| **NICK LAMB, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James E. Walker filed the instant lawsuit pursuant to 42 U.S.C. § 1983 claiming the defendants were deliberately indifferent to his serious medical health needs in violation of the Eighth Amendment (Doc. 57). On June 24, 2024, the Court entered an order substituting Victoria Ann Stone, Special Representative of the Estate of Maury Goble for Defendant Maury Goble and ordering Plaintiff to serve notice upon Victoria Ann Stone within 30 days. (Doc. 203). On May 6, 2025 (with trial to commence on May 12, 2025), Victoria Ann Stone was dismissed from the case without prejudice because Plaintiff failed to serve notice upon her as ordered (Doc. 239, 242). Now pending before the Court is Plaintiff's Motion for Reconsideration of the Order Dismissing Victoria Ann Stone, Special Representative of the Estate of Maury Goble (Doc. 243).

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. When a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, courts generally construe it as a motion pursuant to Rule 59(e); later filed motions are construed under Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Motions filed pursuant to Rule 59(e) are generally granted only

upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact.  *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007) (*Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001)).

Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).  Here, Plaintiff primarily reiterates arguments he made against dismissal during the final pretrial conference.  He otherwise makes generalized statements about his disagreement with the Court's ruling and does not present newly discovered evidence or establish that the Court made a manifest error of law or fact.  Accordingly, the Motion for Reconsideration (Doc. 243) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 15, 2025**

**STACI M. YANDLE**
**United States District Judge**